UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.: 5:19cr12/TKW/MAL
                                                        5:20cv205/TKW/MAL

JASON SCOTT PLUMADORE

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Jason Scott Plumadore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 97), as amended with exhibits (ECF Nos. 108, 109). The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

After careful consideration of the motion, the record, the relevant law, the Government's response (ECF No. 104), and Plumadore's reply (ECF No. 107), I recommend that the § 2255 motion be DENIED without an evidentiary hearing for three reasons. First, Plumadore's claims are procedurally barred. Plumadore presented all of these issues on direct appeal in his pro se response to the *Anders* brief, and the Eleventh Circuit Court of Appeals rejected them.

Second, Plumadore's claim that deficient performance by his attorney caused him to enter an involuntary plea is refuted by the transcript of the plea proceedings. Third, Plumadore has not shown deficient performance by his attorney or prejudice to his case.

## I.    BACKGROUND AND PROCEDURAL HISTORY

### A. The Charges and the Plea

On March 5, 2019, a grand jury charged Plumadore in a three-count indictment with:

> Count 1:    Possession with intent to distribute heroin in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C);
>
> Count 2:    Possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and
>
> Count 3:    Possession of firearms and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

ECF No. 1.

Before being indicted federally, Plumadore was initially in custody on state charges, which were later dismissed. *See* ECF No. 89 at 23, lns. 5-24; ECF No. 97 at 16-17. When federal charges were eventually filed, Plumadore complained about his first two court-appointed lawyers. Despite no finding of

ineffective assistance, the court appointed new counsel for Plumadore twice. ECF No. 39 at n.1; ECF Nos. 20-22. Plumadore's third attorney, John L. Wilkins, filed a notice of appearance on July 23, 2019. ECF No. 42.

On August 19, 2019, Attorney Wilkins filed a motion to extend the time to file a motion to suppress. ECF No. 46. The court granted the motion and extended the deadline to August 30, 2019. *Id.* The Government's response was due on September 13, 2019, a suppression hearing was set for September 19, 2019, and trial was scheduled for October 1, 2019. *Id.*

On August 23, 2019, Plumadore's case was noticed for a change of plea hearing to take place on August 29, 2019. ECF No. 52. On August 29, 2019, Plumadore entered a guilty plea before U.S. Magistrate Judge Michael J. Frank. ECF Nos. 52-58.

The factual basis for the guilty plea, which Plumadore signed and admitted under oath to be true[1], states that on September 29, 2018, the Bay County Sheriff's office obtained and executed a search warrant at 2406 Joan Avenue #2, Panama City Beach, Florida. ECF No. 57. When law enforcement entered, they saw Plumadore, who was sitting at a coffee table, throw a baggie

---

[1] The only disagreement was with drug weight, which was addressed at sentencing and did not affect the guideline range. Change of Plea Transcript, ECF No. 85 at 19-21; Sentencing Transcript, ECF No. 86 at 4-6.

of heroin weighing 7 grams under the couch. *Id.* Within reach of Plumadore on the coffee table were a scale and a baggie with .5 grams of heroin, a Glock 9-millimeter handgun, and a tablet computer showing video surveillance from outside the residence. An additional 55.5 grams of heroin and a Hi-Point 40 caliber handgun with an obliterated serial number were found in Plumadore's bathroom and bedroom closet respectively. Post-*Miranda*, Plumadore gave a taped sworn statement admitting he did not have a job and sold drugs for a living. He acknowledged that both the 7 grams of heroin he threw under the couch and the 55.5 grams of heroin that law enforcement found hidden in his bathroom were his, as well as the Hi-Point 40 caliber handgun. Plumadore admitted to handling the Glock 9-millimeter handgun multiple times, but said it belonged to a friend who was on probation.

During his change of plea proceeding, Plumadore was sworn and cautioned if he failed to answer truthfully, he could be charged with perjury, obstruction, and making false statements. Change of Plea Transcript, ECF No. 85 at 2, ln. 20 to 3, ln. 5. During the colloquy, Plumadore acknowledged by pleading guilty he would be giving up his right to appeal his conviction based on any non-jurisdictional defects. *Id.* at 10, lns. 12-19. He also understood by pleading guilty he was admitting the crimes and acknowledging the

Government could prove all elements of the crimes beyond a reasonable doubt. *Id.* at 15, ln. 24 to 16, ln. 3. Plumadore acknowledged he had discussed his case and possible defenses with Attorney Wilkins. *Id.* at 26, lns. 13-17. Plumadore further stated he was fully satisfied with Attorney Wilkins; did not need additional time; had not been threatened, pressured, or intimidated; and was pleading guilty of his own free will. *Id.* at 26, ln. 22 to 27, ln. 16.

The court advised Plumadore that the district judge would determine the appropriate sentence, after consulting the Sentencing Guidelines. ECF No. 85 at 13, ln. 12-19. Plumadore stated he understood that nether Attorney Wilkins nor the prosecutor knew what sentence would be imposed, and that Plumadore would not have the opportunity to withdraw his plea "[i]f for some reason, that sentence is above what [he] anticipated or what somebody has predicted … ." *Id.* at 14, lns. 2-6.

Plumadore's only disagreement with the Statement of Facts was the weight of the heroin sent to the FDLE lab for testing, which was less than the total weight of the heroin reportedly found in Plumadore's residence. *Id.* at 19-21. Judge Frank questioned Plumadore and the attorneys, and it was determined that the drug weight was an issue that should be resolved at sentencing. *Id.*

Notably Plumadore, who had not been shy about making complaints about his first two court-appointed attorneys, made no complaints about Attorney Wilkins. Nor did Plumadore tell Judge Frank that instead of pleading guilty, he wanted Attorney Wilkins to file a motion to suppress.

### B. Plumadore's Sentence

According to the Presentence Investigation Report ("PSR"), the guideline range for Count 2 (possession of a firearm in furtherance of a drug trafficking crime) was the minimum mandatory term of imprisonment required by statute, which was 60 months' imprisonment to be served consecutively to the sentences for Counts 1 and 3. ECF No. 65, PSR ¶¶ 28, 124. For Count 1 (possession with intent to distribute heroin) and Count 3 (possession of a firearm by a convicted felon), Plumadore's total offense level was 21. PSR ¶ 40. Count 3 was used as the starting point for the guideline calculation, yielding a base offense level of 20 under U.S.S.G. § 2.K2.1. PSR ¶¶ 30-31. Because the guideline range was calculated from Count 3, the drug weight discrepancy had no effect on the guideline calculation. PSR ¶¶ 156-58.

The PSR assessed a 4-level increase pursuant to § 2K2.1(b)(4)(B) because the High-Point firearm had an obliterated serial number. PSR ¶ 32.

Page 6 of 21

Plumadore also received a three-level downward adjustment for acceptance of responsibility. PSR ¶¶ 38-39. Plumadore had 10 criminal history points, which established a criminal history category of V. PSR ¶ 54. The applicable guidelines imprisonment range for Counts 1 and 3 based on these calculations was 70 to 87 months. PSR ¶ 126.

On November 19, 2019, the court sentenced Plumadore to 78 months' imprisonment on Counts 1 and 3, which was near the midpoint of the guidelines range. ECF No. 86 at 20-21. The court sentenced Plumadore to a consecutive 60 month term on Count 2, which was the mandatory minimum sentence required by statute. *Id.* At the sentencing hearing, U.S. District Judge T. Kent Wetherell II made very clear to Plumadore that he was to "jump in and tell me" if Plumadore's attorney refused to bring up matters that Plumadore wished to be heard. *Id.* at 4, lns. 8-13. Judge Wetherell also gave Plumadore an opportunity to allocute directly. *Id.* at 7. Plumadore did not bring any issues up at the sentencing hearing . Notably, he did not complain that Attorney Wilkins had coerced him to plea, and he did not complain that he wanted Attorney Wilkins to file a motion to suppress.

### C. Plumadore's Direct Appeal

Plumadore wrote a letter to the Clerk of Court dated November 20, 2019 (a day after his sentencing hearing), announcing he had asked Attorney Wilkins to "file a 2255" and that he was notifying the court just in case Attorney Wilkins did not do so. ECF No. 72. The letter was treated as a notice of appeal.

In the two-page letter, Plumadore claimed Attorney Wilkins provided ineffective assistance of counsel because Attorney Wilkins refused to file a motion to suppress as he requested. ECF No. 72. Plumadore made several complaints, some of which appear to be grounds for a motion to suppress and others just general complaints. *Id.* Specifically, Plumadore complained that:

- The search warrant was illegally executed as a no-knock warrant
- He was not shown or given a copy of the search warrant for 7 months
- There was a discrepancy in reported weights for the heroin
- His fingerprints were not on any of the firearms, clips, or ammunition
- The firearms were not in his actual possession
- Law enforcement promised leniency to Katy Wood if Plumadore told law enforcement what they wanted to hear
- On December 28, 2018, arresting officer Jeremy Head took Plumadore out of his cell at the Bay County Jail and in "an aggressive manner" told Plumadore to stop asking for the search warrant

- State prosecutors were asked in open court by Judge Patterson on January 7, 2019 and March 11, 2019 where the search warrant was
- Attorney Wilkins never tried to obtain evidence of the matters Plumadore complained about
- Attorney Wilkins told Plumadore that his best bet was to hire a civil rights attorney and sue Bay County for illegal search and seizure
- Attorney Wilkins told Plumadore that he could get him less than 10 years' imprisonment

*Id.*

For Plumadore's appeal to the Eleventh Circuit, Attorney Wilkins requested to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). ECF No. 104-1. Plumadore filed a brief in response asking for appointment of substitute counsel. ECF. No. 104-2. Plumadore reiterated the issues he raised in his notice of appeal. *Id.* Plumadore also raised two specific arguments for appeal. First, Plumadore argued that his plea was coerced because Attorney Wilkins abandoned his duty to advocate and defend Plumadore. *Id.* at 10. Second, Plumadore argued that Attorney Wilkins should have filed a motion to suppress based on law enforcement's failure to knock and announce when executing the warrant. *Id.* at 11.

The Eleventh Circuit ruled, "Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to

withdraw is **GRANTED**. Plumadore's motion for appointment of substitute counsel is **DENIED,** and Plumadore's convictions and sentences are **AFFIRMED**." ECF No. 94 at 2.

II.    **DISCUSSION**

Plumadore identifies three grounds for relief in his § 2255 motion. ECF No. 97 at 21. First, Plumadore claims that Attorney Wilkins was ineffective by refusing to file a motion to suppress. *Id.* at 19, 21. Second, Plumadore claims his plea was coerced because Attorney Wilkins was ineffective by abandoning his duty to advocate and defend Plumadore. *Id.* at 20-22. Third, Plumadore claims that Attorney Wilkins was ineffective by failing to take any action regarding the different weights of heroin listed in the various reports. *Id.* 21-23. For relief, Plumadore asks the court to appoint counsel to assist him with an evidentiary hearing and a motion to suppress, and for any other relief the court deems appropriate. *Id.* at 12, 24.

**A. Procedural Bar**

The first reason Plumadore's § 2255 motion must be denied is that his claims are procedurally barred. Issues that have been decided adversely to a defendant on direct appeal are procedurally barred from being relitigated under § 2255. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).

In *Stoufflet*, the Eleventh Circuit held that a prisoner was procedurally barred from raising issues in a § 2255 motion because those same issues were presented in his pro se objection to his lawyer's motion to withdraw under *Anders* and were decided on direct appeal. *Id*. at 1242. In the direct appeal, Stoufflet's lawyer addressed the voluntariness of the plea in an *Anders* brief. *Id.* Stoufflet filed a brief in response where he objected to the voluntariness of his plea, arguing that his lawyer misinformed him of the elements of the crime. *Id.* The Eleventh Circuit, having reviewed the entire record, affirmed Stoufflet's conviction and sentence, thus "necessarily reject[ing] Stoufflet's contention about the voluntariness of his plea." *Id.* Stoufflet was therefore procedurally barred from raising the voluntariness of his plea in a § 2255 motion, because he presented the issue in his pro se response to the *Anders* brief and the Eleventh Circuit addressed it. *Id.*

Plumadore is in the same position as the defendant in *Stoufflet.* The voluntariness of Plumadore's plea was addressed in Attorney Wilkins' *Anders* brief. ECF No. 104-1 at 15-18. Plumadore's claims in his pro se response to the *Anders* brief raise variations of the same issues and arguments he makes in his § 2255 motion, including that his plea was involuntary, counsel should have filed a motion to suppress, and the alleged inconsistency in the drug

weight. ECF. No. 104-2. Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects"). In this case, the Eleventh Circuit rejected the arguments Plumadore presented  and affirmed without any indication that a § 2255 proceeding would be a more appropriate forum to address Plumadore's issues. [2] Plumadore is thus procedurally barred from raising these issues on collateral attack, having already presented them in his objection to Attorney Wilkins' motion to withdraw and the issues having been adversely decided by the Eleventh Circuit Court of Appeals. *Seabrooks v. United States*, 32 F. 4th 1375, 1383-84 (11th Cir. 2022); *Murray v. United States*, No. 18-13843-E, 2019 WL

---

[2] *See, E.g.*, *United States v. Edwards*, 493 Fed. App'x 1001 (11th Cir. 2012) (granting motion to withdraw under *Anders* and affirming conviction but noting "any claims of ineffective assistance of counsel must be left to a proceeding pursuant to 28 U.S.C. § 2255 because of the undeveloped nature of the record); *United States v. Cladek*, 561 Fed. App'x 837 (11th Cir. 2014) (noting insufficiency of record to review counsel's effectiveness as raised in response to *Anders* brief).

Although a Defendant is not required to present claims of ineffective assistance of counsel on direct appeal, *Massaro v. United States*, 583 U.S. 500, 508 (2003), when such claims are in fact presented, the appellate resolution will have a preclusive effect on a later challenge brought again in a § 2255 motion. See *Harris v. United States*, 366 F.3d 593, 595 (7th Cir. 2004).

12337894, at *6 (11th Cir. June 19, 2019) (issues raised in pro se response to *Anders* brief are deemed raised for purposes of § 2255 procedural bar); *Jackson v. United States*, Nos. 16-00182-WS, 14-00057-WS-N, 2018 WL 3901311, at *4 & n.8 (S.D. Ala. July 24, 2018) (same). Accordingly, Plumadore's claims need not be reconsidered because they are procedurally barred. *Stoufflet*, 757 F. 3d at 1239.

### B. Claim Two is Refuted by the Change of Plea Transcript

Even if Plumadore's claim of an involuntary plea had not already been presented and decided on direct appeal and was not procedurally barred, it would still fail because it is refuted by the transcript of the change of plea proceeding.

A guilty plea may be deemed involuntary, and therefore withdrawn, if defense counsel fails to provide a defendant with reasonably effective assistance. *Hill v, Lockhart*, 472 U.S. 52, 56-57 (1985). A defendant who claims that ineffective assistance of counsel led him to involuntarily plead guilty is required to show that but for counsel's ineffective assistance, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Diveroli v. United States*, 803 F.3d 1258, 1264-65 (11th Cir. 2015). Such a defendant must "convince

the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

"More often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). But a defendant's statements during the plea colloquy as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. *Id.* at 73-74; *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (citing *Blackledge*).

In this case, after being sworn, Plumadore acknowledged that he was giving up all non-jurisdictional defects, that the sentence would be up to the district judge and Plumadore could not withdraw his plea if his sentence was more severe than what somebody may have predicted for him, that Attorney Wilkins discussed the facts of the case with him and all possible defenses, that Plumadore was fully satisfied with Attorney Wilkins, and that no one threatened, pressured or intimidated him to enter the plea. ECF No. 85, at 10, 14, 26-27. Furthermore, the court made findings that Plumadore understood the nature of the charges against him, Plumadore admitted to facts under oath that were sufficient to support a finding of guilt, and Plumadore had had the

assistance of an attorney with whom he was "well pleased." ECF No. 85 at 27-28. Plumadore's statements and the court's findings directly contradict Plumadore's current claim that he only entered a guilty plea because he felt coerced to do so because of Attorney Wilkins' inadequate representation.

Moreover, it seems Plumadore's main concern after entering his guilty plea was not Attorney Wilkins' performance, but the sentence he received. It is telling that Plumadore expressed no dissatisfaction with Attorney Wilkins until after he was sentenced by Judge Wetherell to a total term of 138 months (11.5 years). Plumadore then complained in his notice of appeal that "Mr. Wilkins told me he could get me less than 10 years. And I got sentenced to more than 10 years." ECF No. 72 at 2. Plumadore also complained about his sentence in his pro se brief, stating that Attorney Wilkins "told me he did calculations and I wouldn't get over ten years and somehow convinced my family if I didn't plea out I would get about 30 years[3] … ." ECF No. 104-2 at 6. As Judge Frank advised Plumadore at his change of plea hearing, Plumadore's dissatisfaction with the sentence he received is not a reason to

---

[3] The maximum statutory term on Count 1 was 20 years' imprisonment. PSR ¶ 124. On Count 2, the statutory minimum term of imprisonment was 5 years consecutive to any other counts, up to a maximum of life. PSR ¶¶ 124-5. On Count 3, the statutory maximum term was 10 years' imprisonment.

allow Plumadore to withdraw his plea. ECF No. 85 at 14; *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (record did not support defendant's claim that his guilty plea was improperly induced by his attorney's assurances regarding the length of the sentence where, among other things, district court explicitly inquired about coercion and was assured by the defendant there had been none).

Because the transcript of the change of plea in this case shows that Plumadore knowingly waived his defenses, admitted to the crimes, and knew his sentence would be up to the district judge, Plumadore has not shown his plea was involuntary or that he would be entitled to withdraw his plea.

### C. No Deficient Performance or Prejudice

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Even if Plumadore could circumvent his guilty plea and present his defenses now, he still has not shown grounds to suppress any evidence in this case or that he

was prejudiced by alleged irregularities in the drug quantities. Thus he has failed to show either deficient performance by Attorney Wilkins or prejudice.

The main hurdle Plumadore faces is the exclusionary rule does not apply to the host of problems and mistakes he complains of. Most notably, the exclusionary rule does not apply to the violation of the knock and announce rule. *Hudson v. Michigan*, 547 U.S. 586, 591-92 (2006). Thus, any motion to suppress filed on this ground would have been denied. Plumadore's remedy for the alleged knock and announce violation, as Attorney Wilkins advised, is to file a civil rights suit. *Id.* at 597-98. Attorney Wilkins' advice was not deficient.

Similarly, Plumadore would not be able to suppress evidence for other complaints he made, specifically, delay in receiving the search warrant, discrepancy in reported weights for the heroin, and Jeremy Head yelling at him. The exclusionary rule would not apply to these matters because no evidence was obtained as a result. *Hudson*, 547 U.S. at 594 (explaining that "unattenuated causation" to evidence obtained in violation of constitutional rights is one requirement for applying the exclusionary rule). Moreover, as to the heroin weight discrepancy, Attorney Wilkins handled the issue correctly by objecting to the Presentence Investigation Report and raising the matter at

sentencing. And because, as explained above, the drug weight did not affect the advisory guidelines range, it did not impact Plumadore's advisory guidelines range and there could have been no prejudice.

Plumadore makes one complaint to which the exclusionary rule could apply: he claims law enforcement promised leniency to Katy Wood if he told law enforcement what they wanted to hear. ECF No. 97 at 16; ECF No. 72 at 2; ECF No. 104-2 at 14. Whether a threat to prosecute a third party was coercive depends upon whether the state had probable cause to believe that the third party had committed a crime at the time that the threat was made. *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001). Irrespective of Ms. Wood's involvement, the problem with a suppression motion on this issue is, if successful, such a motion would only suppress Plumadore's confession to law enforcement. Plumadore would still be faced with evidence against him in the form of the heroin and firearm found in his bedroom and bathroom, the heroin and firearm on the coffee table where Plumadore was sitting, and law enforcement officers seeing Plumadore throw a bag of heroin as they entered his house. Given these circumstances, it is entirely reasonable for Attorney Wilkins to choose not to file a motion to suppress because there would still be an insurmountable mountain of evidence against Plumadore even if the

motion had been successful. Thus, Plumadore cannot show the absence of a suppression motion resulted in prejudice, as required by *Strickland*.

### III.    CONCLUSION

An evidentiary hearing is not necessary to resolve Plumadore's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Plumadore's claims are procedurally barred, refuted by the change of plea transcript, and without merit. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in its entirety.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the District Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.    The Motion to Vacate, Set Aside or Correct Sentence, as amended (ECF Nos. 97, 108) be DENIED.

2.    A certificate of appealability be DENIED.

At Gainesville, Florida, on August 31, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.